## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTY MUSSO, Derivatively on Behalf of Nominal Defendant OCUGEN, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHANKAR MUSUNURI, RAMESH KUMAR, JUNGE ZHANG, UDAY KOMPELLA, MANISH POTTI, KIRSTEN CASTILLO, PRABHABATHU FERNANDES, SUHA TASPOLATOGLU, and SANJAY SUBRAMANIAN, <br><br> Defendants, <br><br> and <br><br> OCUGEN, INC. , <br><br> Nominal Defendant. | Case No. <br><br> **VERIFIED STOCKHOLDER DERIVATIVE COMPLAINT** |

Plaintiff Christy Musso ("Plaintiff"), by and through her undersigned attorneys, brings this derivative complaint for the benefit of nominal defendant, Ocugen, Inc. ("Ocugen" or the "Company"), against its Board of Directors (the "Board") and certain of its executive officers seeking to remedy defendants' breaches of fiduciary duties and contribution for Violations of Sections 10(b) and 21D of the Securities Exchange Act of 1934 (the "Exchange Act"). Plaintiff's allegations are based upon her personal knowledge as to herself and her own acts, and upon information and belief, developed from the investigation and analysis by Plaintiff's counsel, including a review of publicly available information, including filings by Ocugen with the U.S. Securities and Exchange Commission (the "SEC"), press releases, news reports, analyst reports, investor conference transcripts, publicly available filings in lawsuits, and matters of public record.

## NATURE AND SUMMARY OF THE ACTION

1.     Ocugen is a clinical-stage and biopharmaceutical company which focuses on the developing gene therapies to cure blindness and developing a COVID-19 vaccine. The company's main developments are a modifier gene therapy platform based on nuclear hormone receptors ("NHRs") to generate therapies for patient with inherited retinal diseases ("IRDs") and dry age-related macular degeneration ("AMD").

2.     On June 10, 2021, the Company issued a press release announcing that it would pursue a biologics license application ("BLA") with the Federal Drug Administration (the "FDA") instead of the previously announced Emergency Use Authorization ("EUA").  On this news, the price of Ocugen's stock fell more than 28%, thereby damaging investors.

3.     These revelations precipitated the filing of a securities class action in this District against the company and certain of its officers and directors, captioned *Nicanor v. Ocugen, Inc.*, No. 21-cv-012725, (the "Securities Class Action").  Others followed.

4.     Plaintiff did not make a litigation demand prior to filing this action because such demand would have been futile based upon the composition of the Board and the actions taken by the Board.  The Board is currently composed of eight members, all of whom are named in this action. As alleged herein, defendant Shankar Musunuri, as Chief Executive Officer ("CEO") knowingly issued misleading statements, and the three members of the Audit Committee should have known the material shortcomings of the Company's sole product and the resulting impact on Ocugen's financial results. Thus, more than half the members would be interested in a demand to investigate their own wrongdoing.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this Complaint states a federal question: violations of Sections 10(b) of the Exchange Act.  This Court

has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).  This action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have.

6.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1401 because a substantial portion of the transactions and wrongs complained of herein occurred in this District, and the Defendants have received substantial compensation in this District by engaging in numerous activities that had an effect in this District.

## PARTIES

7.     Plaintiff Christy Musso purchased 20,000 shares of Ocugen stock in April 2021 and has continuously owned her Ocugen stock since that date.  She currently holds 20,000 shares.

8.     Nominal Defendant Ocugen is a Delaware corporation with its principal executive offices located at 263 Great Valley Parkway, Malvern, Pennsylvania 19355. Ocugen common stock trades on the NasdaqGS under the ticker symbol "OCGN."

9.     Defendant Shankar Musunuri ("Musunuri") was the Company's Chief Executive Officer ("CEO"), Chairman of the Board, and Co-Founder of the Company at all relevant times. Musunuri has also served as the Co-Founder, CEO and Executive Chairman of the Board of Ocugen OpCo, Inc. ("OpCo"), a wholly owned subsidiary of Ocugen.

10.     Defendant Ramesh Kumar ("Kumar") has been a member of the Board since September 2019 and is the chair of the Board's Audit Committee and a member of the Nominating and Corporate Governance Committee.  He also serves as a director of OpCo.

11.     Defendant Sanjay Subramanian ("Subramanian") was the Company's Chief Financial Officer ("CFO") and Principal Financial Officer at all relevant times.

12.     Defendant Junge Zhang ("Zhang") has served as a director of the Company since September 2019.  Zhang is  a member of the Compensation Committee and chairman of the

Nominating and Corporate Governance Committee. Zhang also has served as director of OpCo since May 2015.

13.     Defendant Uday Kompella ("Kompella") is a Co-Founder of the Company and has served as a director since September 2019.  He is a member of the Nominating and Corporate Governance Committee.  Kompella is a Co-Founder and member of the board of directors since September 2013 of OpCo, which he co-founded with defendant Musunuri.

14.     Defendant Manish Potti ("Potti") has been a member of the Board since 2019.  He is a member of the Board's Audit Committee. He also serves as a member of the board of directors of OpCo.

15.     Defendant Kirsten Castillo ("Castillo") has been a member of the Board since 2020 and chairman of the Compensation Committee.

16.     Defendant Prabhavathi Fernandes ("Fernandes") has been a member of the Board since 2020 and a member of the Compensation Committee.

17.     Defendant Suba Taspolatoglu ("Taspolatoglu") has been a member of the board since 2019 and a member of the Audit Committee.  Taspolatoglu is also a member of the OpCo board of directors.

18.     Defendants in Paragraphs 9-17 are collectively referred to herein as the "Individual Defendants."

### DUTIES OF THE INDIVIDUAL DEFENDANTS

19.     By reason of their positions as officers, directors, and/or fiduciaries of Ocugen and because of their ability to control the business and corporate affairs of Ocugen, at all times, the Individual Defendants owed its shareholders fiduciary obligations of good faith, loyalty, and candor, and were required to use their utmost ability to control and manage Ocugen in a fair, just, honest, and equitable manner.  The Individual Defendants were required to act in furtherance of the best

interests of Ocugen and its shareholders so as to benefit all shareholders equally and not in furtherance of their personal interest or benefit.  Each director and officer of the Company owes to Ocugen and its shareholders a fiduciary duty to exercise good faith and diligence in the administration of the affairs of the Company and in the use and preservation of its property and assets, and the highest obligations of fair dealing.

20.     The Individual Defendants, because of their positions of control and authority as directors and/or officers of Ocugen, were able to and did, directly and/or indirectly, exercise control over the wrongful acts complained of herein.  Because of their advisory, executive, managerial, and directorial positions with Ocugen, each of the Individual Defendants had knowledge of material non-public information regarding the Company.

21.     To discharge their duties, the officers and directors of Ocugen were required to exercise reasonable and prudent supervision over the management, policies, practices and controls of the Company.  By virtue of such duties, the officers and directors of Ocugen were required to, among other things:

> (a)     Exercise good faith to ensure that the affairs of the Company were conducted in an efficient, business-like manner so as to make it possible to provide the highest quality performance of their business;
>
> (b)     Exercise good faith to ensure that the Company was operated in a diligent, honest, and prudent manner and complied with all applicable federal and state laws, rules, regulations and requirements, and all contractual obligations, including acting only within the scope of its legal authority;
>
> (c)     Exercise good faith to ensure that the Company's communications with the public and with shareholders are made with due candor in a timely and complete fashion; and
>
> (d)     When put on notice of problems with the Company's business practices and operations, exercise good faith in taking appropriate action to correct the misconduct and prevent its recurrence.

## SUBSTANTIVE ALLEGATIONS

### A.    Background

22.    Ocugen identifies itself as a biopharmaceutical company focused on developing gene therapies to cure blindness and developing a vaccine to save lives from COVID-19.

### B.    The Individual Defendants Caused the Company to Issue Materially Misleading Statements

23.    On February 2, 2021, the Individual Defendants caused Ocugen to issue a press release announcing an agreement with Bharat Biotech International Limited ("Bharat"), a biotechnology headquartered in Hyderabad, India.  Pursuant to the agreement, Ocugen obtained an exclusive right and license under certain of Bharat's intellectual property rights, with the right to grant sublicenses, to develop, manufacture and commercialize COVAXIN™, an advanced stage whole-virion inactivated vaccine candidate/product for the prevention of COVID-19 in humans in the United States of America (the "February 2021 Press Release"). The February 2021 Press Release states in relevant part:

> MALVERN, Pa. and HYDERABAD, India, Feb. 02, 2021 (GLOBE NEWSWIRE) - - Ocugen, Inc., (NASDAQ: OCGN), a biopharmaceutical company focused on discovering, developing, and commercializing gene therapies to cure blindness diseases and developing a vaccine to fight COVID-19, and Bharat Biotech, a global leader in vaccine innovation, today announced they have entered into a definitive agreement to co-develop, supply, and commercialize Bharat Biotech's COVAXIN™, an advanced stage whole-virion inactivated COVID-19 vaccine candidate, for the United States market.
>
> ***Under the terms of the agreement, Ocugen will have US rights to the vaccine candidate and will be responsible for clinical development, regulatory approval (including EUA) and commercialization for the US market.*** Bharat Biotech will supply initial doses to be used in the US upon Ocugen's receipt of an EUA. In addition, Bharat Biotech will support the technology transfer for manufacturing in the US. In consideration for the exclusive license to the US market, Ocugen will share the profits from the sale of COVAXIN™ in the US market with Bharat Biotech, with Ocugen retaining 45% of the profits.

Emphasis added.

24.     On this news, the Company's share price jumped from a close of $1.81 per share of Ocugen stock on February 1, 2021, to a close of $3.26 per share on February 2, 2021, an increase of more than 80 %.

25.     On February 5, 2021, after the market closed, the Individual Defendants caused Ocugen to file a Form 8-K with the SEC.  Attached to the Form 8-K as exhibit 99.1 was an investor presentation regarding the Company's apparent new mission to "develop a vaccine to save lives from COVID- 19".  The presentation described in detail the Covaxin vaccine characteristics, the "unmet need in the United States," and Ocugen's plan to develop and file an EUA with the FDA.

26.     On March 19, 2021, the Individual Defendants caused Ocugen to file a Form 10-K with the SEC announcing the Company's financial and operating results for the fiscal fourth quarter and fiscal year ended December 31, 2020 (the "2020 10-K"), which was signed and certified under the Sarbanes-OxleyAct of 2002 by the Individual Defendants. Therein, Ocugen stated in relevant part:

> **OUR STRATEGY**
>
> Our product candidates have the potential to save lives fromCOVID-19 and cure blindness diseases. We are committed to developingthese product candidates and bringing them to market to serve patients inmultiple disease areas. Key elements of the strategy we employ to accomplish this objective include:
>
> Advancing our COVID-19 vaccine product candidate towards EUA and commercialization in the United States. We have initiated discussions with the FDA regarding the development of COVAXIN. COVAXIN has been granted approval for emergency use in India. A Phase 3 clinical trial is ongoing in India. COVAXIN demonstrated a vaccine efficacy of 81% in the first interim analysis of the Phase 3 clinicaltrial. ***We intend to advance the development of COVAXIN towards EUAand ultimately BLA approval in the United States***.
>
>                                          * * *
>
> COMPETITIVE STRENGTHS
>
> Our key competitive strengths include:

- Vaccine Expertise. Key members of our management team and key advisors possess proven expertise and a track record of success in vaccine development and commercialization. We have established a vaccine scientific advisory board composed of leading academic and industry experts with extensive experience in the vaccine field. *We intendto utilize this collective experience to evaluate the clinical and regulatorypath to EUA and commercialization of COVAXIN in the United States.*

(Emphasis added.)

27.    The statements in ¶¶ 23, 25, and 26 above were false and/or misleading aswell as failed to disclose material adverse facts about the Company's business, operations, and prospects. These statements were false and/or misleading statements and/or failed to disclose that: (i) the information submitted to the FDA was insufficient to support an EUA, (ii) Ocugen would not file an Emergency Use Authorization with the FDA, (iii) as a result of the foregoing, the Company's financial statements, as well as Defendants' statements about Ocugen'sbusiness, operations, and prospects, were false and misleading and/or lacked a reasonable basis.

**C.    The Truth Emerges**

28.    On June 10, 2021, Ocugen issued a press release announcing that it would pursuea "biologics license application" ("BLA") with the FDA instead of the previously announced EUA(the "June 2021 Press Release"). The press release stated in pertinent part:

Ocugen to pursue a BLA path in the US for its COVID-19vaccine candidate

*Company intends to work with the FDA towards filing a BiologicsLicense Application (BLA) in the US*

*Company to engage with Health Canada to seek authorizationunder Interim Order for use in Canada*

MALVERN, PA, June 10, 2021 — Ocugen, Inc. (NASDAQ:OCGN) (Company), a biopharmaceutical company focused on discovering, developing, and commercializing gene therapies to cureblindness diseases and developing a vaccine to save lives from COVID- 19, today announced that upon recommendation from the U.S. Food and Drug Administration (FDA), it will pursue submission of a biologics license application (BLA) for its COVID-19 vaccine candidate, COVAXIN™. *The Company will no longer pursue an Emergency Use Authorization (EUA) for COVAXIN™.*

8

*The FDA provided feedback to Ocugen regarding the Master File the Company had previously submitted and recommended that Ocugen pursue a BLA submission instead of an EUA application for its vaccine candidate and requested additional information and data. Ocugen is in discussions with the FDA to understand the additional information required to support a BLA submission. The Company anticipates that data from an additional clinical trial will be required to support the submission.*

"Although we were close to finalizing our EUA application for submission, we received a recommendation from the FDA to pursue a BLA path. While this will extend our timelines, we are committed to bringing COVAXIN™ to the US. This differentiated vaccine is a critical tool to include in our national arsenal given its potential to address the SARS-CoV-2 variants, including the delta variant, and given the unknowns about what will be needed to protect US population in the longterm," said Dr. Shankar Musunuri, Chairman of the Board, Chief Executive Officer, and Co-founder of Ocugen.

Ocugen recently announced that it secured exclusive rights to commercialize COVAXIN™ in Canada and has initiated discussions with Health Canada for regulatory approval. The Company will pursue expedited authorization for COVAXIN™ under the *Interim Order Respecting the Importation, Sale and Advertising of Drugs for Use in Relation to COVID-19* in Canada.

"In clinical trials to date, the emerging safety profile of COVAXIN™ is supportive of it being generally well tolerated with a goodsafety profile, with Ministry of Health and Family Welfare of Republic ofIndia reporting no potential thromboembolic events following the administration of over 6.7 million doses of COVAXIN™ in that country,"said Dr. Bruce Forrest, Acting Chief Medical Officer and member of the vaccine scientific advisory board of Ocugen."

(Emphasis added.)

29.     On the release of the news, the Company's share price declined from $9.31 per share

of Ocugen stock on June 9, 2021, to close at $6.69 per share on June 10, 2021, *a drop of*

*approximately -28.14 percent.*

## DAMAGES TO THE COMPANY

30.     As a direct and proximate result of the Individual Defendants' conduct, Ocugen has

been seriously harmed and will continue to be.  Such harm includes, but is not limited to:

     (a)     Legal fees incurred in connection with the Securities Class Action;

     (b)     Any funds paid to settle the Securities Class Action; and

(c)     Costs incurred from compensation and benefits paid to the defendants who have breached their fiduciary duties to Ocugen.

31.     In addition, Ocugen's business, goodwill, and reputation with regulators and shareholders have been gravely impaired.   The credibility and motives of management are now in serious doubt.

32.     The actions complained of herein have damaged Ocugen's corporate image and goodwill. For at least the foreseeable future, Ocugen will suffer from what is known as the "liar's discount," a term applied to the stocks of companies who have been implicated in misleading the investing public, such that Ocugen's ability to raise equity capital or debt on favorable terms in the future is now impaired.

## DERIVATIVE AND DEMAND FUTILITY ALLEGATIONS

33.     Plaintiff brings this action derivatively in the right and for the benefit of Ocugen to redress injuries suffered, and to be suffered, by Ocugen as a direct result of breaches of fiduciary duty by the Individual Defendants and contribution for violations of Section 10(b) of the Exchange Act.  Ocugen is named as a nominal defendant solely in a derivative capacity.  This is not a collusive action to confer jurisdiction on this Court that it would not otherwise have.

34.     In addition, Ocugen's business, goodwill, and reputation with regulators and shareholders have been gravely impaired.   The credibility and motives of management are now in serious doubt.

35.     When this action was filed, Ocugen's Board consisted of defendants Musunuri, Kumar, Zhang,  Kompella, Potti, Castillo, Fernandes, and Taspolatoglu. Plaintiff did not make any demand on the Board to institute this action because such a demand would be a futile, wasteful, and useless act, as set forth below.

36.     Defendant Musunuri is the Chairman of the Board, Chief Executive Officer and a Co-Founder of the Company, and therefore is not independent under NASDAQ listing rules. As CEO, Musunuri is an employee of Ocugen, and thus could not disinterestedly consider a demand for action that might require him to sue the directors that control his continued employment and/or fellow members of management with whom he works on a day-to-day basis. Moreover, as alleged herein, Musunuri personally issued the misleading statements alleged herein and is named as a defendant in the Securities Class Action. As a result, Musunuri would be interested in a demand regarding his own wrongdoing and demand is futile as to him.

37.     Musunuri and Kompella could not disinterestedly consider a demand because they co-founded the Company.

38.     Defendants Kumar, Potti, and Taspolatoglu served as members of the Audit Committee at all relevant times.  As such, they are responsible for the effectiveness of the Company's internal controls, the integrity of its financial statements, and its compliance with laws and regulations.  As alleged herein, Kumar, Potti, and Taspolatoglu failed to ensure the integrity of the Company's internal controls, allowing the materially misleading financial statements to be disseminated in Ocugen's SEC filings and other disclosures.  Thus, Kumar, Potti, and Taspolatoglu breached their fiduciary duties and are not interested, and demand is excused as to them.

39.     In addition, Kumar is also a member of the board of OpCo, a wholly-owned subsidiary of the Company along with Musunuri, and Kompella.

## COUNT I

**Against Defendants Musunuri, Kumar, Zhang,  Kompella, Potti, Castillo, Fernandes, and Taspolatoglu for Breach of Fiduciary Duty**

40.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

41.     Defendants Musunuri, Kumar, Zhang, Kompella, Potti, Castillo, Fernandes, and Taspolatoglu each owes and owed to the Company the duty to exercise candor, good faith, and loyalty in the management and administration of Ocugen's business and affairs, particularly with respect to issues as fundamental as public disclosures and FDA filings.

42.     The conduct of defendants Musunuri, Kumar, Zhang, Kompella, Potti, Castillo, Fernandes, and Taspolatoglu set forth herein was due to their intentional or reckless breach of the fiduciary duties they owed to the Company.  Defendants Musunuri, Kumar, Zhang, Kompella, Potti, Castillo, Fernandes, and Taspolatoglu intentionally or recklessly breached or disregarded their fiduciary duties to protect the rights and interests of Ocugen.

43.     In breach of their fiduciary duties owed to Ocugen, defendants Musunuri, Kumar, Zhang, Kompella, Potti, Castillo, Fernandes, and Taspolatoglu willfully participated in and caused the Company to expend unnecessarily its corporate funds, rendering them personally liable to the Company for breaching their fiduciary duties.

44.     In particular, defendants Musunuri, Kumar, Zhang, Kompella, Potti, Castillo, Fernandes, and Taspolatoglu knowingly or recklessly made untrue statements and/or permitted the Company's public filings, disclosures, and statements to misleadingly report revenue and the Company's overall prospects.

45.     As a direct and proximate result of the breaches of their fiduciary obligations by defendants Musunuri, Kumar, Zhang, Kompella, Potti, Castillo, Fernandes, and Taspolatoglu, Ocugen has sustained and continues to sustain significant damages including direct monetary damages, exposure to liability from securities litigation and a loss of goodwill in the capital markets. As a result of the misconduct alleged herein, defendants are liable to the Company.

## COUNT II

**Against Defendants Musunuri and Subramanian for Contribution for Violations of Sections
10(b) and 21D of the Exchange Act**

46.    Plaintiff incorporates by reference and realleges each and every allegation contained
above, as though fully set forth herein.

47.    Defendants Musunuri and Subramanian are named as defendants in related securities
class action. The conduct of these defendants, as described herein, has exposed the Company to
significant liability under various federal and state securities laws by their disloyal acts.

48.    Ocugen is named as a defendant in related securities class actions that allege and
assert claims arising under § 10(b) of the Exchange Act. The Company is alleged to be liable to
private persons, entities and/or classes by virtue of many of the same facts alleged herein. If Ocugen
is found liable for violating the federal securities laws, the Company's liability will arise in whole or
in part from the intentional, knowing, or reckless acts or omissions of all or some of the Defendants
as alleged herein, who have caused the Company to suffer substantial harm through their disloyal
acts. The Company is entitled to contribution and indemnification from these Defendants in
connection with all claims that have been, are, or may be asserted against the Company by virtue of
their wrongdoing.

49.    As officers, directors and otherwise, defendants Musunuri and Subramanian had the
power or ability to, and did, control or influence, either directly or indirectly, Ocugen's general
affairs, including the content of its public statements, and had the power or ability to directly or
indirectly control or influence the specific corporate statements and conduct that violated § 10(b) of
the Exchange Act and SEC Rule 10b-5.

50.    Defendants Musunuri and Subramanian are liable under § 21D of the Exchange Act,
which governs the application of any private right of action for contribution asserted pursuant to the
Exchange Act.

51.     Defendants Musunuri and Subramanian have damaged the Company and are liable to the Company for contribution.

52.     No adequate remedy at law exists for Plaintiff by and on behalf of the Company.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of Ocugen, demands judgment as follows:

A.     Declaring that plaintiff may maintain this action on behalf of Ocugen and that plaintiff is an adequate representative of the Company;

B.     Against all of the defendants and in favor of the Company for the damages sustained by the Company as a result of the defendants' breaches of fiduciary duties, waste of corporate assets, and unjust enrichment;

C.     Declaring that Defendants have breached their fiduciary duties to Ocugen;

D.     Directing Ocugen to take all necessary actions to reform and improve its corporate governance and internal procedures to comply with applicable laws and to protect Ocugen and its stockholders from a repeat of the damaging events described herein, including, but not limited to, putting forward for stockholder vote, resolutions for amendments to the Company's Bylaws or Articles of Incorporation and taking such other action as may be necessary to place before stockholders for a vote of the following corporate governance policies:

1.     a proposal to strengthen the Company's controls over financial reporting;

2.     a proposal to strengthen the Board's supervision of operations and develop and implement procedures for greater stockholder input into the policies and guidelines of the Board;

3.     a proposal to strengthen Ocugen's oversight of its disclosure procedures; and

4.     a provision to permit the stockholders of Ocugen to nominate at least three candidates for election to the Board.

E.      Extraordinary equitable and/or injunctive relief as permitted by law, equity, and state statutory provisions sued hereunder, including attaching, impounding, imposing a constructive trust on, or otherwise restricting the proceeds of defendants' trading activities or their other assets so as to assure that plaintiff on behalf of Ocugen has an effective remedy;

F.      Awarding to Ocugen restitution from defendants, and each of them, and ordering disgorgement of all profits, benefits, and other compensation obtained by the defendants;

G.      Awarding to plaintiff the costs and disbursements of the action, including reasonable attorneys' fees, accountants' and experts' fees, costs, and expenses; and

H.      Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), plaintiff demands a trial by jury.

DATED:  August 30, 2021                    **GLANCY PRONGAY & MURRAY LLP**

By:  *s/ Lee Albert*
Lee Albert (PA I.D. # 046852)
230 Park Ave., Ste. 358
New York, NY 10169
Telephone: (212) 682-5340
Email: lalbert@glancylaw.com

Daniella Quitt (*Pro Hac Vice* forthcoming)
712 Fifth Avenue, 31st Floor
New York, New York 10019
Telephone: (212) 935-7400
Email: dquitt@glancylaw.com

Pavithra Rajesh (*Pro Hac Vice* forthcoming)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email: prajesh@glancylaw.com

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz (*Pro Hac Vice* forthcoming)
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Attorneys for Plaintiff*

## **OCUGEN, INC. VERIFICATION**

I, Christy Musso, do hereby verify that I am a holder of common stock of Ocugen, Inc. and was a holder of such common stock at the time of the wrongs complained of in the foregoing Verified Shareholder Derivative Complaint (the "Complaint"). I have reviewed and authorized the filing of the Complaint. All of the averments contained in the Complaint regarding me are true and correct upon my personal knowledge, and with respect to the remainder of the averments, are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

8/27/2021

Date: _____

*Christy Musso*

_____

Christy Musso